EMILY MOSES, an Infant, by SALOMON STRAUSS, her Guardian ad Litem, Appellant, *v.* THE NEWBURGH ELECTRIC RAILWAY COMPANY, Respondent.

*Examination of the plaintiff's person in an action for physical injuries — the defendant need not allege that it intends to use the examination upon the trial.*

Where an action is brought to recover damages resulting from personal injuries, caused by the alleged negligence of the defendant, a corporation, and an affidavit is made upon its part that it is ignorant of the nature and extent of the plaintiff's injuries, and these allegations are not contradicted, a case is made for an order directing that the plaintiff be personally examined before a referee, and that she be physically examined by a physician before the trial of the action.

The objection that there is no allegation in the affidavit that the defendant intends to make use of the examination upon the trial is frivolous; a party cannot determine whether he will use testimony until it has been given.

APPEAL by the plaintiff, Emily Moses, by Salomon Strauss, her guardian ad litem, from an order of the Supreme Court, made at the Orange Special Term and entered in the office of the clerk of the county of Orange on the 25th day of March, 1895, directing that the plaintiff be personally examined before a referee, and that she be physically examined by a physician before the trial of the action.

*Maurice Untermyer*, for the appellant.

*William D. Dickey*, for the respondent.

PRATT, J.:

This action is to recover damages for personal injuries, and the moving affidavit states that defendant is ignorant of the nature and extent of plaintiff's injuries. That is not contradicted, and it constitutes good cause for allowing the examination. The objection that there is no allegation that defendant intends to make use of the testimony adduced at the examination upon the trial is frivolous. Obviously a party cannot have any intelligent purpose as to whether he will use a certain person's testimony until he knows what it is to be. If it proves favorable to the party by whom it is taken it will ordinarily be read by that party; if unfavorable, it will ordinarily be read by the other party. In the present case, if on

the trial the plaintiff's witnesses testify to the same facts that this examination discloses, there will be no need to produce it.

The order appealed from must be affirmed, with ten dollars costs. and disbursements.

DYKMAN, J., concurred; BROWN, P. J., not sitting.

Order affirmed, with ten dollars costs and disbursements.